IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30499

Summary Calendar

_____

ROBERT R BUSH

Plaintiff-Appellee

versus

DIAMOND OFFSHORE COMPANY; DIAMOND MANAGEMENT
OFFSHORE COMPANY

Defendants-Appellants

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 97-CV-3176-L

_____

May 3, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Bush was injured on June 17, 1997, while working as a
roustabout for Diamond Offshore Management.  Bush was injured while
helping to unload pallets from the service boat M/V Paula K to the
Modu Ocean Star, a semi-submersible drilling rig.  Bush was holding
a tag line used to stabilize material being unloaded from the
service boat when his leg was caught in the line.  Bush was hoisted
into the air, swung into the vessel's bulwark and fell, landing on
his head.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bush asserted claims against Diamond under the Jones Act and general maritime law. After a bench trial, the district court entered judgment in Bush's favor and awarded him $194,000 for medical expenses, lost wages and pain and suffering. Diamond appeals, arguing that the district court ignored the testimony of a court-appointed expert and that its verdict was unsupported by the evidence. Diamond also claims the court erred in determining that Bush's failure to disclose prior injuries did not forfeit his right to maintenance and cure. We AFFIRM.

We review the district court's findings of fact for clear error and its conclusions of law de novo. *See Silmon v. Can Do II, Inc.*, 89 F.3d 240, 242 (5th Cir. 1996).

A finding is clearly erroneous when, "although there is enough evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed and that the district court could not permissibly find as it did." *See Bertram v. McMoran, Inc.*, 35 F.3d 1008, 1018 (5th Cir. 1994)(quoting *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 728 (5th Cir.1980)).

We are not left with a conviction that the district court erred in its factual findings. The court considered evidence presented by the physicians who examined Bush's physical condition and psychiatrists who examined his mental state. Our examination of the record shows that the district court carefully considered the pertinent evidence in reaching its conclusions. All of the examining physicians except Dr. Pisarello agreed that the MRI

revealed cervical spine abnormalities at the C5-6 and C6-7 discs. Drs. Van Bolden and Landry[1] noted an inconsistency between Bush's complaints of pain on his left side when the MRI findings showed abnormalities on the right side. Dr. Phillips disagreed, believing that the cervical abnormalities would cause symptoms on both sides. Dr. Landry also testified on cross-examination that Bush's EMG was abnormal on the left side and that he could not explain this diagnostic finding.

The district court found that Bush had complained at different times of pain on his right and left sides and that the type of injury he suffered was subject to waxing and waning of symptoms. These findings were supported by the testimony of Dr. Landry on cross-examination.

The physicians disagreed about Bush's need for further medical treatment. Drs. Phillips and Murphy recommended surgery, and others recommended more conservative treatment.

The district court considered Bush's history of mental illness. Drs. Landry and Van Bolden believed that Bush's complaints of pain were out of proportion to his physical condition and that his complaints could be attributed to post-traumatic stress disorder. Two psychiatrists, Drs. Mielke and Roniger, agreed that Bush suffers from anxiety and post-traumatic stress

---

[1]The district court's opinion shows that it considered the testimony of Dr. Landry, a court-appointed expert. Diamond Offshore's claim that the court ignored Dr. Landry's testimony is without merit.

disorder. The court found that Bush's mental illness was not aggravated by the accident.

The district court did not commit clear error in its consideration of the medical evidence presented. We are not left with the conviction that a mistake was made.

The district court awarded Bush maintenance and cure damages under general maritime law. These damages were limited to maintenance and cure that Diamond paid voluntarily until it discovered disputes among the physicians who examined Bush.

Diamond argues that Bush was not entitled to those damages because he misrepresented his medical history on his employment application and he had suffered previous injuries to his neck and lower back. A seaman who intentionally misrepresents or conceals medical facts from an employer while applying for work will forfeit his right to seek maintenance and cure if the misrepresented or nondisclosed facts are material to the employer's decision to hire him and if there is a causal connection between the withheld information and the injury which is eventually sustained. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 559 (5th Cir. 1968); *see also Wactor v. Spartan Transp. Corp.*, 27 F.3d 347, 352 (8th Cir. 1994)(adopting *McCorpen* standard).

Diamond Offshore asked Bush in a pre-employment questionnaire whether he had any back injuries, hospitalization or any disabling illness or injury, hospitalization or back problems. Bush answered that he had a back injury from an automobile accident in 1986, and he answered the other questions negatively. In fact, Bush had

4

other accidents that resulted in back and neck injuries, and he had been hospitalized for mental illness while in the U.S. Air Force.

The district court found that Diamond failed to show that Bush intentionally concealed medical facts from Diamond or that there was any causal connection between any concealed medical facts and his current injury. Bush testified at his trial, and the district court had the opportunity to evaluate his credibility. We cannot say that the district court committed clear error in these findings. While it is clear that Bush failed to report medical facts, we are not convinced that the district court erred in finding that he did not intentionally conceal those facts from his employer. Furthermore, "the defense that a seaman knowingly concealed material medical information will not prevail unless there is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *McCorpen*, 396 F.2d at 549. As the district court noted, Bush was asymptomatic when he began work for Diamond, and Diamond failed to show that Bush's cervical condition predated the accident aboard its vessel. The court's finding that Diamond failed to prove causation is not clearly erroneous.

The evidence was sufficient to support the judgment, and Diamond failed to prove its defense to maintenance and cure. We AFFIRM the judgment of the district court.

AFFIRMED.

5